UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MALIBU MEDIA, LLC | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-810 (RWR/AK) |
| | ) | |
| JOHN DOE subscriber assigned IP address | ) | |
| 69.243.51.93, | ) | |
| Defendant. | ) | |
| | ) | |

**FILED**

**JUN 2 6 2013**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM ORDER

Pending before the Court is Malibu Media LLC's Motion for Leave to Serve a Third

Party Subpoena Prior to a Rule 26(f) Conference ("Motion") [2], which was filed on May 31,

2013.[1]  Plaintiff Malibu Media, LLC ("Plaintiff") seeks leave of the Court to serve a Rule 45

subpoena on an Internet Service Provider ("ISP") to ascertain the identity of putative Defendant

[subscriber] John Doe.[2]  Federal Rule of Civil Procedure 26 (d) provides that parties to an action

"may not seek discovery from any source before the parties have conferred as required by Rule

26(f), except . . . when authorized by these rules, by stipulation, or by court order." Fed. R. Civ.

P. 26(d)(1); *see Wada v. U.S. Secret Serv.*, 525 F. Supp. 2d 1, 11 (D.D.C. 2007) (finding

plaintiff's efforts to conduct written discovery premature when it was before the parties

conferred or a scheduling conference was held and a scheduling order was issued).

Authorization to take discovery [pursuant to Rule 26(d)] will be granted only upon a showing of

"good cause." Fed.R. Civ. P. 26(b)(1).

---

[1] By Minute Order dated June 7, 2013, this case was referred to the undersigned for resolution of all discovery disputes including the instant Motion.
[2] Fed. R. Civ. P. 26 generally "vests the trial judge with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery." *Watts v. Sec. & Exch. Comm'n*, 482 F.3d 501, 507 (D.C. Cir. 2007 (internal quotes omitted).

Plaintiff herein alleges that putative Defendant John Doe's "acts of copyright infringement occurred using an Internet Protocol address ("IP address") traced to a physical address located within this District ...." (Compl. [1] at ¶ 5.) *See People Pictures, LLC v. Grp. of Participants in Filesharing Swarm Identified by Hash: 43F4CFD05C115EE5887F680B0-CA73B1BA18B434A*, 831 F. Supp. 2d 333, 334 & 336 (D.D.C. 2011) (Before authorizing jurisdictional discovery, the court required that plaintiff have a good faith belief that discovery would enable it to demonstrate jurisdiction and in this regard, defendant's residence in the District of Columbia was considered.) This Court finds that Plaintiff has established that "good cause" exists for the discovery being sought in this case. *See also Call of the Wild Movie , LLC v. Does 1-1,062*, 770 F. Supp.2d 332, 350-353 (D.D.C. 2011) (applying a five-part test from *Sony Music Entertainment v. Does 1-40*, 326 F. Supp. 2d 556, 564-65 (S.D.N.Y. 2004) and concluding that plaintiff's need for identifying information outweighed the putative defendant's First Amendment right to anonymity and therefore, good cause existed for a similar subpoena to issue.)

Fed. R.Civ. P. 45(b)(1) requires that a party be given prior notice of the subpoena before it is served if it commands the production of documents, electronically stored information, or tangible things before trial. *See 9A* Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §2454(3d ed. 2008); Fed. R. Civ. P. 45(b) (Advisory Committee Notes 1991 Amendment) ("the purpose of such notice is to afford other parties an opportunity to object to the production or inspection, or to serve a demand for additional documents or things.") Because the putative Defendant in this case is a John Doe, it is impossible to comply completely with this Rule by notifying the John Doe prior to service of the subpoena.  The Court will thus "order the ISP[] to provide notice to the [] subscriber[] at least 10 days prior to disclosure to Plaintiff, which

would allow [] the John Doe [] an opportunity to object or intercede, as this is the best compliance that can be achieved under Rule 45(b)(1)." *Malibu Media, LLC v. John Does 1-16,* No. 12-cv-0235 (RLW), 2012 WL 1681819 at*2 (D.D.C. April 11, 2012).

Accordingly, it is this 26th day of June, 2013, hereby

ORDERED that Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference [2] is granted, subject to the following conditions, and it is further

ORDERED that Plaintiff may serve the ISP listed on Exhibit A of the Complaint [1-1] with a subpoena pursuant to Fed. R. Civ. P. 45, commanding the ISP to provide Plaintiff with the true name, address, telephone number, and e-mail address of putative Defendant [subscriber] John Doe to whom the ISP assigned an IP address as set forth on Exhibit A.[3]  Plaintiff shall attach to any such subpoena a copy of this Order and the Complaint in this action, and it is further

ORDERED that the ISP listed on Exhibit A must be served with a subpoena within 14 days of this Memorandum Order, and it is further

ORDERED that Plaintiff may also serve a Rule 45 subpoena in the same manner as above on any service provider that is identified in response to a subpoena as a provider of internet services to the putative Defendant [subscriber] John Doe, and it is further

ORDERED that any primary or intermediary ISP that has or will be served with a Rule 45 subpoena in this case must, within ten (10) days of receiving this Order from Plaintiff, forward a copy of the Order and subpoena to the subscriber identified by Plaintiff as a putative infringer of its motion picture copyright, accompanied by the attached *Notice*.  The ISP shall revise the *Notice* to include the information that presently appears in italics, and it is further

---

[3] This Court makes no finding with regard to any fees the ISP may charge in connection with providing the subpoenaed information.

ORDERED that because of the possibility that the subscriber may not be liable for copyright infringement, and to avoid undue embarrassment due to the fact that the alleged copyright infringement appears to involve pornographic works, the Plaintiff and the ISP are hereby prohibited from publicly disclosing the subscriber's personally identifying information disclosed pursuant to this Order absent further order of the Court. *See Malibu Media, LLC v. John Does 1-11*, (RLW) Civ. A. No. 12-0237, 2012 U.S. Dist. LEXIS 94648 (D.D.C. July 10, 2012) (limiting public disclosure of identity), and  it is further

ORDERED that Plaintiff may only use the information disclosed in response to a Rule 45 subpoena served on an ISP for the purpose of protecting and enforcing Plaintiff's rights as set forth in its Complaint filed in this Court.


_____
ALAN KAY
UNITED STATES MAGISTRATE JUDGE